IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CECELIA M. ALDRICH,

    Plaintiff,

v.

PALMS WEST HOSPITAL LIMITED
PARTNERSHIP, a foreign limited partnership,
d/b/a HCA FLORIDA PALMS WEST HOSPITAL,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, CECELIA M. ALDRICH, ["Aldrich"], by and through her undersigned counsel hereby files this complaint against Defendant, PALMS WEST HOSPITAL LIMITED PARTNERSHIP, a foreign limited partnership, d/b/a HCA FLORIDA PALMS WEST HOSPITAL ["HCA Florida"], and as grounds therefore states as follows:

## JURISDICTION AND VENUE

1. Plaintiff ALDRICH, brings this claim for violation of the Family and Medical Leave Act of 1993 ["FMLA"], 29 U.S.C. § 2601, *et seq*.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b). Jurisdiction is proper in this forum insofar as the matter involves a federal question, namely a violation of 29 U.S.C. § 2601, *et seq*.

3. Venue is proper in this Court because Plaintiff's claims arose in Florida, specifically in Palm Beach County, and all the acts complained of occurred in this judicial district and gave rise to the claims alleged.

4. At all times relevant to this Complaint, Plaintiff was a resident of Palm Beach County, Florida and is otherwise sui juris.

5. Jurisdiction is based on 29 U.S.C. § 1331 (federal question jurisdiction).

6. Venue is proper because Defendant is located in Palm Beach County and the substantial part, if not all, of the events giving rise to this cause of action occurred in Palm Beach County, Florida. 28 U.S.C. § 89.

7. At all times material hereto, Plaintiff was an employee as that term is defined under the FMLA.

8. At all times material hereto, Defendant is an employer of the Plaintiff as that term is defined under the FMLA.

## COMMON ALLEGATIONS

9. Plaintiff was initially hired by Defendant in a managerial position in February 2022.

10. Prior to the start of her employment, Plaintiff signed a contract[1] with Defendant that included a $20,000 sign on bonus for a two-year commitment.

11. In June 2022, Plaintiff received notification that her position was being eliminated as part of a reduction in force.

12. At this time, Plaintiff inquired about whether she had an obligation to pay back the sign on bonus and was told she would not have to pay it back.

13. Days later, Plaintiff learned that current Director of Pediatric Services would be leaving the facility.

14. Plaintiff was asked to apply for the position was subsequently given the position where she was required to sign a new contract with no bonus.

---

[1] Employee is not in possession of her contract despite numerous efforts at requesting it from the employer.

15. Plaintiff assumed the position of Director of Pediatric Services in July 2022.

16. While in her new position, Plaintiff would ask the Vice President of Human Responses, Matthew Hickey, whether she would be required to pay the sign on bonus from her initial position if she decided to leave her employ.

17. Plaintiff was repeatedly reassured that since the Defendant broke the original contract, she was not responsible for paying back the sign on bonus if she chose to leave.

18. During her employment Plaintiff was required to work long hours and often times worked seven days a week with no relief.

19. During this time, Plaintiff was also denied time off after the loss of her father-in-law due to cancer.

20. Due to the severe stress of her work environment and at the advice of her medical provider, on October 18, 2023, Plaintiff took FMLA.

21. While Plaintiff was on FMLA leave, she was consistently harassed by Matthew Hickey, the Vice President of Human Resources.

22. Despite her protected status, she was subjected to many acts of unlawful retaliation including:

    a. Telling Plaintiff that as Director, she was expected to take calls, respond to emails, and tend to urgent matters while leave;

    b. Hickey also stated that he did not know what Plaintiff's illness was or why she was unable to work;

    c. Hickey further continued to inquire personal details from Plaintiff regarding her leave that were invasive despite the fact Plaintiff despite her submitting all the proper paperwork required for FMLA leave.

23. On December 19, 2023, one day before Plaintiff returned to work, Hickey called Plaintiff and stated that he had not expected her to return to work and was openly disappointed.

24. On December 20, 2023, Plaintiff returned to work and Hickey continued his harassment by:

    a. Telling Plaintiff her office looked like it had been cleaned out;

    b. The company was backfilling Plaintiff's position; and

    c. Asking Plaintiff what her plans were when Plaintiff never indicated that she would not be returning to work.

25. As a result of Defendant's treatment, and to avoid exacerbating her anxiety and stress, she was left with no choice but to resign.

26. Plaintiff contends this treatment interfered with her rights and also constituted a retaliation of her FMLA rights.

27. In addition, and despite reassurances from Defendant that Plaintiff was not responsible for paying back the sign on bonus, Plaintiff received a notification from debt recovery company hired by Defendant seeking $10,000 of the sign on bonus from Plaintiff.

28. Plaintiff has performed all conditions precedent prior to bringing this action.

## FMLA REQUIREMENTS

29. Defendant is covered as an employer under the FMLA as defined by 29 U.S.C. §2611(4).

30. At all times relevant, Defendant was the employer of Plaintiff within the meaning of the FMLA.

31. Plaintiff worked for Defendant for at least twelve (12) months as a full-time employee.

32. Plaintiff worked at least 1,250 hours during the course of the last twelve (12) months of her employment for Defendant.

33. Plaintiff was entitled to family medical leave, not to exceed a total of twelve (12) work

weeks in a twelve (12) month period of time.

34. Plaintiff is an eligible employee as defined in 29 U.S.C. §2611(2) and 29 C.F.R. §825.110(c) and was eligible for FMLA leave.

35. At all material times hereto, Plaintiff qualified for FMLA.

36. That all or some of Plaintiff's leave was FMLA qualifying leave, and Plaintiff was entitled to the protections of FMLA.

37. Plaintiff fulfilled all conditions precedent in bringing this action.

<b><u>COUNT I<br>RETALIATION<br>FAMILY MEDICAL LEAVE ACT</u></b>

Plaintiff re-alleges and incorporate paragraphs 1 through 37 as if fully set forth herein.

38. Plaintiff is a covered employee under the FMLA.

39. Defendant is a covered employer under the FMLA.

40. Plaintiff engaged in statutorily protected activity when:

    a. She asserted her rights under FMLA leave.

    b. She took time off for medical leave.

41. Plaintiff was retaliated against for taking protected FMLA leave.

42. Defendant retaliated against Plaintiff's employment by doing the following:

    a. Telling Plaintiff that as Director, she was expected to take calls, respond to emails, and tend to urgent matters while leave;

    b. Hickey also stated that he did not know what Plaintiff's illness was or why she was unable to work;

    c. Hickey further continued to inquire personal details from Plaintiff regarding her leave that were invasive despite the fact Plaintiff despite her submitting all the proper paperwork required for FMLA leave.

    d. Telling Plaintiff her office looked like it had been cleaned out;

    e. The company was backfilling Plaintiff's position; and

    f. Asking Plaintiff what her plans were when Plaintiff never indicated that she would not be returning to work.

43. As a proximate result of Defendant's interference with the laws, rights under the FMLA, Plaintiff lost wages, lost other compensation, and lost benefits.

44. As a further direct and proximate result of the Defendant's violations as herein described, the Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs. Plaintiff requests that her attorney's fees and costs by awarded pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays that judgment be entered in her favor for wages, employment benefits, and other compensation lost and actual monetary losses sustained by her as a result of Defendant's retaliation against her for taking approved medical leave, including back pay and front pay; prejudgment interest at the prevailing rate from the date she was terminated, to the Judgment on the award of wages, employment benefits and compensation and actual monetary losses sustained by her as a result of Defendant's violation of Family Medical Leave Act of 1993; liquidated damages doubling the award of interest, wages, employment benefits and other compensation lost to her as a result of Defendant's violation of the Family Medical Leave act of 1993; reasonable attorney's fees and costs and expenses of this action pursuant to 29 U.S.C. §

2617(a)(3); and, such other relief as this Court deems just and appropriate under the circumstances including reinstatement to a substantially equivalent position with Defendant.

## COUNT II
## INTERFERENCE WITH RIGHTS
## IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. 2601, *et seq*.

Plaintiff re-alleges and incorporate paragraphs 1 through 37 as if fully set forth herein.

45. Plaintiff is an employee and a person subject to protection pursuant to the provisions of the FMLA, as that term is defined within the Act.

46. Defendant's aforementioned conduct violates the FMLA.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm and damages.

48. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

49. As a further and direct proximate result of Defendant's violation of the FMLA, as heretofore described, Plaintiff has been compelled to retain the services of the undersigned law firm.

50. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff requests that her reasonable attorney's fees and costs be awarded pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendant as follows: that Plaintiff be awarded damages including wages, salary, employment benefits, other compensation denied or lost to the Plaintiff by reason of the violation of the Act, interest of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the Act, an additional amount as liquidated damages equal

to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute, such equitable relief as may be appropriate, including reemployment, reinstatement, and promotion, reasonable attorney's fees, reasonable expert fees and other such costs in this action and other such relief as this Court deems just and appropriate under the circumstances.

## COUNT III
## INVALID OR VOIDABLE CONTRACT

Plaintiff re-alleges and incorporate paragraphs 1 through 37 as if fully set forth herein.

51. Plaintiff and Defendant entered into an Employment Agreement.

52. Defendant breached the agreement when it eliminated Plaintiff's position.

53. Defendant's breach of the employment agreement constitutes a prior breach which precludes the Defendant from seeking reimbursement of the sign on bonus. The Plaintiff seeks the court's declaratory judgment that the relevant section of the employment contract is void and unenforceable.

54. Declaratory relief is recognized to be a valid means by which to determine the enforceability of an employment agreement. See *Argus Photonics Group, Inc. v. Dickenson*, 841 So.2d 598 (Fla. 4th DCA 2003) and Florida Statute § 86.011.

55. As set forth in Florida Statute § 86.011, the Court has the power to render declaratory judgment on the existence of any right or "[o]f any fact upon which the existence or nonexistence of such ... right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future." *Id.*

56. Plaintiff seeks declaratory judgment that the employment agreement section providing the sign on bonus is invalid and/or void.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 28th day of February 2025.

          SCOTT LAW TEAM, LLC
          Jupiter Gardens
          250 South Central Boulevard
          Suite 205
          Jupiter, FL 33458
          Telephone: (561) 653-0008
          Facsimile: (561) 653-0020

          s/Cathleen Scott
          Cathleen Scott
          Florida Bar No. 135331
          Primary e-mail: cscott@scottlawteam.com
          Secondary e-mail: mail@scottlawteam.com
          www.ScottLawTeam.com
          *Attorney for Plaintiff*